| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS CORPUS CHRISTI DIVISION |

CHRISTOPHER SHULL, §
Individually and On Behalf of All §
Others Similarly Situated, §
§
*Plaintiff(s)*, §
§
                                                §     No. _____
v. §
§
TEXAS HEALTH AND HUMAN §
SERVICES COMMISSION, §
§
*Defendant(s)*. §

## PLAINTIFF CHRISTOPHER SHULL'S ORIGINAL COMPLAINT

Plaintiff Christopher Shull (referred to as "Shull") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and/or former employees of Defendant Texas Health and Human Services Commission (referred to as "HHSC") who worked as registered nurses and who were paid at the same rate of pay for all of the hours they worked during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1.     Shull's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. HHSC violated the FLSA by employing Shull and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. HHSC willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Shull brings this action under 29 U.S.C. § 216(b) individually and on behalf of all similarly situated current and/or former employees of HHSC (defined below) to recover back wages, liquidated damages, attorney's fees and costs under the FLSA.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Shull's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

## III. Parties

9. Shull is an individual who resides in Nueces County, Texas and who was employed by HHSC during the last three years.

10. HHSC is an agency of the State of Texas that may be served with process by serving Executive Commissioner Cecile Young. *See*, Fed. R. Civ. P. 4(j)(2); *see also*, Tex. Civ. Prac. & Rem. Code § 101.102.

11. An allegation that HHSC committed any act or omission should be construed to mean the entity's elected and/or appointed officials, officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of HHSC or was done in the normal course and scope of employment of HHSC's elected and/or appointed officials, officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

12.　HHSC is an agency of the State of Texas located in the territorial jurisdiction of this Court.

13.　HHSC employed Shull from February 16, 2018, to the present.

14.　HHSC employed Shull as a registered nurse.

15.　As a registered nurse, Shull was responsible for assessing and identifying patients' needs and implementing and monitoring the patient's medical plan and treatment.

16.　HHSC is covered by the FLSA. 29 U.S.C. §§ 203(c), (e)(2), (x), 206(a), 207(a).

17.　HHSC paid Shull on an hourly basis.

18.　During Shull's employment with HHSC, he regularly worked in excess of forty hours per week.

19.　HHSC knew or should have known that Shull worked in excess of forty hours per week.

20.　HHSC did not pay Shull for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

21. Instead, HHSC paid Shull at the same rate of pay for all of the hours he worked.

22. Shull was not exempt from the maximum hour requirements of the FLSA.

23. As a registered nurse, Shull's primary duties were nonexempt.

24. As a registered nurse, Shull's primary duties did not include office or nonmanual work.

25. As a registered nurse, Shull's primary duties were not directly related to the management or general business operations of HHSC or its customers.

26. As a registered nurse, Shull's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

27. As a registered nurse, Shull did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

28. As a registered nurse, Shull was, instead, required to follow HHSC's policies, practices and procedures.

29. As a registered nurse, Shull did not have any independent authority to deviate from HHSC's policies, practices and procedures.

30. HHSC knew or should have known that Shull was not exempt from the maximum hour requirements of the FLSA.

31. HHSC willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

32. During Shull's employment with HHSC, the entity did not maintain accurate time and pay records for Shull as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

33. During Shull's employment with HHSC, the entity did not post and keep posted the notice required by 29 C.F.R. § 516.4.

34. HHSC continued the pay practice(s) complained of by Shull without investigation after being put on notice that the pay practice(s) violated the FLSA.

35. HHSC has a history of FLSA violations that put the entity on actual notice of the requirements of the FLSA.

36. Prior to this lawsuit, HHSC conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Shull.

37. Because HHSC willfully violated the FLSA, the entity is liable to Shull for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

38. As a result of the FLSA violation(s) described above, HHSC is liable to Shull for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

39. All registered nurses employed by HHSC during the last three years are similarly situated to Shull because (1) they have similar job duties; (2) they regularly worked or work in excess of forty hours per week; (3) they were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) they are entitled to recover back wages, liquidated damages and attorney's fees and costs from HHSC under 29 U.S.C. § 216(b).

## V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

40. Shull adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

41. During Shull's employment with HHSC, he was a nonexempt employee.

42. As a nonexempt employee, HHSC was legally obligated to pay Shull "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

43. HHSC did not pay Shull "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

44. Instead, HHSC paid Shull at the same rate of pay for all of the hours he worked.

45. If HHSC classified Shull as exempt from the maximum hour requirements of the FLSA, he was misclassified.

46. As a result of the FLSA violation(s) described above, HHSC is liable to Shull for back wages equal to the difference between what the entity should have paid and what it actually paid.

## VI.  Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

47. Shull adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

48. HHSC willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

49. During Shull's employment with HHSC, the entity did not maintain accurate time and pay records for Shull as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

50. During Shull's employment with HHSC, the entity did not post and keep posted the notice required by 29 C.F.R. § 516.4.

51. HHSC continued the pay practice(s) complained of by Shull without investigation after being put on notice that the pay practice(s) violated the FLSA.

52. HHSC has a history of FLSA violations that put the entity on actual notice of the requirements of the FLSA.

53. Prior to this lawsuit, HHSC conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Shull.

54. Because HHSC willfully violated the FLSA, the entity is liable to Shull for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.  Count Three—
### Collective-Action Allegations Under 29 U.S.C. § 216(b)

55. Shull adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

56. On information and belief, other employees of HHSC have been victimized by the FLSA violation(s) described above.

57. These employees are similarly situated to Shull because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

58. HHSC's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the members of the Overtime Collective (defined below).

59. Since Shull's experiences are typical of the experiences of the members of the Overtime Collective (defined below), collective-action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

60. For these reasons and in accordance with 29 U.S.C. § 216(b), Shull requests that the Court authorize notice regarding the pendency of this case and the right to join it to the following collective(s):

> All registered nurses employed by HHSC during the last three years who worked more than forty hours in any one or more workweeks and who were paid at the same rate of pay for all of the hours they worked (the "Overtime Collective").

61. HHSC is liable to Shull and the members of the Overtime Collective for back wages equal to the difference between what the entity should have paid and what it actually paid.

62. Shull has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex employment litigation (including class actions, collective actions, and multidistrict litigation); Shull and his counsel are committed to prosecuting this action vigorously on behalf of him and the members of the Overtime Collective, have the financial resources to do so and do not have interests that are contrary to or that conflict with those of the proposed collective(s).

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

63. Shull adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

64. Shull is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

65. Shull is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

66. Shull has retained the professional services of the undersigned attorneys.

67. Shull has complied with the conditions precedent to recovering attorney's fees and costs.

68. Shull has incurred or may incur attorney's fees and costs in bringing this lawsuit.

69. The attorney's fees and costs incurred or that may be incurred by Shull were or are reasonable and necessary.

70. HHSC is liable to Shull and the members of the Overtime Collective for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

### IX.  Relief Sought

71. Shull demands the following relief:

   a. an order under 29 U.S.C. § 216(b) authorizing notice regarding the pendency of this case and the right to join it to the Overtime Collective;

   b. an order appointing Shull representative of the Overtime Collective;

   c. an order appointing MOORE & ASSOCIATES counsel for the Overtime Collective;

   d. an incentive award for Shull for serving as representative of the Overtime Collective if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

e. judgment against HHSC in Shull's favor both individually and on behalf of the members of the Overtime Collective for back wages, liquidated damages and attorney's fees, plus interest and costs; and

f. all other relief and sums that may be adjudged against HHSC in Shull's favor both individually and on behalf of the members of the Overtime Collective.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street | Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: /s/ Melissa Moore
Melissa Moore
Tex. Bar No. 24013189
S.D. Tex. Bar No. 25122
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
S.D. Tex. Bar No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**