United States District Court
Southern District of Texas
**ENTERED**
December 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SHULL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:22-CV-00220 |
| | § | |
| CECILE YOUNG and | § | |
| SCOTT SCHALCHLIN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is a suit brought by Plaintiff Christopher Shull, a registered nurse with the Texas Health and Human Services Commission ("HHSC"), against two supervisors, Cecile Young and Scott Schalchlin. Shull alleges that Young and Schalchlin violated his civil rights under the Fair Labor Standards Act ("FLSA") by failing to pay overtime. After Shull filed a Third Amended Complaint, (Dkt. No. 43), Young and Schalchlin moved to dismiss the claim, (Dkt. No. 49), and Shull responded, (Dkt. No. 52). After careful review, the Court **GRANTS** the Motion. Further, because Shull has "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed," *see Matter of Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996), the Court **DENIES** his request for leave to amend, (Dkt. No. 52 at 23–25).

**I.     BACKGROUND**[1]

Christopher Shull has been employed as a registered nurse with HHSC since February 16, 2018. (Dkt. No. 43 at 3). Cecile Young is the Executive Commissioner of HHSC, and Scott Schalchlin is the Deputy Executive Commissioner. (*Id.*). Both Young and Schalchlin supervised Shull, (*id.* at 4), and were bound to adhere to HHSC's policies and practices, including its "policy of complying with the FLSA," (*id.* at 3). This includes the FLSA's requirement of paying overtime wages to its hourly employees. (*Id.* at 3). Shull claims he regularly worked over forty hours per week but was paid his regular rate instead of time-and-a-half. (*Id.* at 5). This was despite the fact that Young and Schalchlin "knew or should have known" Shull was entitled to overtime pay. (*Id.* at 7). Indeed, Shull references a conversation in which "Young and/or Schalchlin" were informed that "registered nurses employed on an hourly basis, like Shull, were entitled to overtime." (*Id.* at 5). "Young and/or Schalchlin" responded by stating that "overtime was a 'no go' because, evidently, Young and/or Schalchlin believed that . . . HHSC's registered nurses simply 'made enough.'" (*Id.* at 6).

Shull initially sued HHSC on September 21, 2022. (Dkt. No. 1). After HHSC moved to dismiss based on Eleventh Amendment immunity, (Dkt. No. 13), Shull amended his complaint naming Young and Schalchlin instead, (Dkt. No. 15). The First

---

[1]   For purposes of addressing this Motion, the Court accepts all factual allegations in the operative complaint as true and views them in the light most favorable to the nonmovant. *See White v. U.S. Corrs., LLC*, 996 F.3d 302, 306–07 (5th Cir. 2021).

Amended Complaint only alleged an FLSA claim, (*see id.* at 8–13), but Shull later filed a Second Amended Complaint to add a Section 1983 claim, (Dkt. No. 27 at 14–15). Young and Schalchlin moved to dismiss Shull's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 28). This Court granted that motion as to both claims and gave Shull leave to refile his FLSA claim. (Dkt. No. 41). Shull then filed a Third Amended Complaint, (Dkt. No. 43), and Young and Schalchlin once again moved to dismiss under Rules 12(b)(1) and (6), (Dkt. No. 49).

## II.   LEGAL STANDARD

### A.   RULE 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "lack of subject-matter jurisdiction." When considering a motion to dismiss under Rule 12(b)(1), a court must "accept the complaint's well-pleaded factual allegations as true." *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021). Dismissal for lack of subject-matter jurisdiction is appropriate when the plaintiff does not "plausibly allege all jurisdictional elements." *Brownback v. King*, 592 U.S. 209, 217, 141 S.Ct. 740, 749, 209 L.Ed. 2d 33 (2021); *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021). "For a 12(b)(1) motion, the general burden is on the party asserting jurisdiction." *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021).

"When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court should consider the Rule 12(b)(1) motion 'before addressing any attack on the merits.'" *D&G*

*Holdings, LLC v. Becerra*, 22 F.4th 470, 474 (5th Cir. 2022) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

B.  RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than . . . 'labels and conclusions . . . .'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965). "The defendant, as the moving party, bears the burden of proving that no legally cognizable claim for relief exists." *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2 (S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrs., LLC*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to

4

'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "Dismissal . . . is appropriate where the plaintiff fails to allege 'enough facts to state a claim to relief that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S.Ct. at 1965, 1974).

## III.   DISCUSSION[2]

The Court first addresses Rule 12(b)(1). Because Shull has failed to sufficiently plead subject-matter jurisdiction, *see infra* IIIA–B, the Court need not address Rule 12(b)(6).

### A.   STANDING

"The core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Espinoza v. GCE Servs., LLC*, No. 4:24-CV-00901, 2024 WL 4242825, at *2 (S.D. Tex. Sept. 19, 2024) (citing *Lujan v. Defenders of Wildlife*,

---

[2] Because the Court did not rely on the matters outside the pleadings presented by Young and Schalchlin in their Motion to Dismiss, (Dkt. No. 49 at 19), Shull's argument that their Motion should be denied or converted to a Motion for Summary Judgment, (Dkt. No. 52 at 7–8), is moot.

504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992)). Standing has three elements: (1) the plaintiff must suffer an injury in fact, (2) there must be a causal connection between the injury and the conduct complained of, and (3) the injury must be redressable by a favorable decision. *Id.* "[E]ach element must be supported . . . with the manner and degree of evidence required at the successive stages of litigation." *El Paso County, v. Trump*, 982 F.3d 332, 338 (5th Cir. 2020) (quoting *Lujan*, 504 U.S. at 561, 112 S.Ct. at 2137). The party invoking the Court's jurisdiction—here, Shull—bears the burden of establishing these elements. *Id.*

Young and Schalchlin's Motion to Dismiss challenges the second element: causation. (Dkt. No. 49 at 8–10). This element requires that the alleged injury "be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Porretto v. City of Galveston Park Bd. Of Tr.*, 113 F.4th 469, 481 (5th Cir. 2024) (quoting *Bennet v. Spear*, 520 U.S. 154, 167, 117 S.Ct. 1154, 1163, 137 L.Ed.2d 281 (1997)). According to Young and Schalchlin, Shull has not alleged sufficient facts to establish a causal connection between Shull's injury and their conduct. (Dkt. No. 49 at 8–10). The Court agrees.

While Shull does allege that Young and Schalchlin were his employers and that they willfully violated the FLSA by refusing to pay him the proper rate for overtime worked, (Dkt. No. 43 at 3–5), these statements are nothing more than "conclusory allegations, unwarranted factual inferences, [and] legal conclusions" that the Court does not have to accept as true. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Shull's complaint is devoid of specific, factual allegations of Young and Schalchlin's role in

6

denying him overtime wages. His complaint does not explain what role, if any, they played in controlling his schedule, compensation, or responsibilities; just a conclusory statement that they are his employers.[3] There is no causal link between specific actions of Young and Schalchlin and the injury Shull alleges he suffered. Indeed, there are no factual allegations of them denying Shull overtime pay at all.

The one potentially relevant factual allegation in the complaint is the allegation that some HHSC employees told "Young and/or Schalchlin" that Shull was entitled to overtime pay and that "Young and/or Schalchlin" stated that was a "no go" because Shull "made enough." (Dkt. No. 43 at 4–6). But this allegation does not establish the link. As an initial matter, Shull can't even state whether this interaction involved Schalchlin, Young, or both. Even if he could, the interaction does not show that either defendant had any role in actually controlling Shull's compensation. A response that overtime compensation was a "no go" does not prove that the speaker was in charge of determining Shull's rate of pay. At most, it indicates that the speaker believed it was unlikely that whoever *was* in charge would pay overtime wages.

---

[3] Shull's allegations that Young and Schalchlin are his employers, (Dkt. No. 43 at 4), are merely a restatement of the *Watson* factors for determining whether an individual is an employee under the FLSA. *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). Courts have held that pleading these factors, without specific factual allegations, is insufficient at the motion to dismiss stage. *See, e.g., Joaquin v. Coliseum Inc.*, No. 1:15-CV-00787, 2016 WL 3906820, at *4 (W.D. Tex. July 13, 2016), *report and recommendation approved sub nom. Joaquin v. Hinojosa*, No. 1:15-CV-00787, 2016 WL 7647630 (W.D. Tex. Aug. 2, 2016); *Carvajal v. Mijelum, LLC*, No. 3:23-CV-00245, 2025 WL 594984, at *3 (W.D. Tex. Feb. 24, 2025) ("[Plaintiff's restatement of the *Watson* factors] is a conclusory or legal allegation.").

All Shull has shown is that one or both Defendants were told that Shull worked over forty hours a week and that he was entitled to overtime wages. Without more, this interaction does not establish a causal link between Young and Schalchlin's specific conduct and Shull's denial of overtime wages. As a result, Shull's complaint fails to demonstrate standing and must be dismissed.

### B.    SOVEREIGN IMMUNITY

Even if Shull's complaint did allege standing, the case would still be dismissed because of Eleventh Amendment sovereign immunity. As the Court has previously ruled, (Dkt. No. 41), suits against government officials in their individual capacities are barred under the Eleventh Amendment if the State is the real party in interest. *See Stramaski v. Lawley*, 44 F.4th 318, 322 (5th Cir. 2022). This is a fact intensive inquiry that "depends on the circumstances of the case." *Id.* at 305.

Despite the Court giving him an opportunity to amend his FLSA claim, Shull's Third Amended Complaint is once again nothing more than "an impermissible end run around the Eleventh Amendment." (Dkt. No. 41 at 8) (quoting *Henley v. Simpson*, 527 F.App'x 303, 307 (5th Cir. 2013) (citation modified)). The allegation that Young and Schalchlin considered overtime pay a "no go" when told Shull was entitled to it—the only factual difference from the Second Amendment Complaint—does nothing to show wrongdoing by them. *See supra* III(A). Shull's inability to even state which of the defendants were a part of the conversation indicates that they "are merely stand-ins for HHSC." (Dkt. No. 41 at 9). Even if the Court were to accept that this conversation demonstrated that Young and Schalchlin themselves had the authority to (and intended

8

to) deny Shull overtime pay, it still is not an allegation that they actually followed through on this intention. Without specific facts showing that Young and Schalchlin misinterpreted or improperly enforced a policy, Shull has not alleged that they, instead of HHSC and the State of Texas, are the real party in interest.

Shull's Third Amended Complaint is an attempt by him to sue Young and Schalchlin for his grievances against HHSC and is an end run around the Eleventh Amendment. As a result, Shull's complaint must be dismissed for lack of jurisdiction. *See Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996) ("Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state." (citation omitted)).

## IV.  CONCLUSION

For the reasons above, Defendants Cecile Young and Scott Schalchlin's Motion to Dismiss, (Dkt. No. 49), is **GRANTED**. Christopher Shull's request for leave to amend is **DENIED**. (Dkt. No. 52 at 23–25). Shull's FLSA claim against Young and Schalchlin in their individual capacity is **DISMISSED WITH PREJUDICE**.

It is SO ORDERED.

Signed on December 19, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

9